107 F.3d 16
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Charles W. NICHOLS, Petitioner-Appellant,
v.
Steven CAMBRA, Interim Warden, Respondent-Appellee.
 No. 95-16501.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 5, 1997.*
Decided Feb. 06, 1997.
 
 Before: CANBY, HAWKINS, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 California state prisoner Charles W. Nichols appeals pro se the district court's denial of his 28 U.S.C. § 2254 petition. He contends the district court erred when it ruled that his insufficiency of the evidence claim was procedurally barred and rejected his ineffective assistance claim on its merits. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo, Duckett v. Godinez, 67 F.3d 734, 739 (9th Cir.1995), cert. denied, 116 S.Ct. 1549 (1996), and we affirm.
 
 A. Insufficiency of the Evidence
 
 3
 When the California Supreme Court denied Nichols's habeas petition, it cited In re Lindley, 177 P.2d 918, 926-27 (Cal.1947) (insufficiency of the evidence must be raised on direct appeal). Because Nichols has failed to show cause and prejudice for his procedural default, the district court properly denied his insufficiency of the evidence claim as procedurally barred. See Coleman v. Thompson, 501 U.S. 722, 750 (1991).
 
 B. Ineffective Assistance of Counsel
 
 4
 In his section 2254 petition in district court, Nichols contended that counsel was ineffective for informing Nichols's sister, after she had been subpoenaed to testify, that she need not testify at trial. The district court rejected the claim for lack of prejudice, concluding that even had Nichols's sister testified, Nichols would have been convicted based on fingerprint evidence at trial.
 
 
 5
 In combination with other testimony at trial, Nichols's sister's testimony would have accounted for Nichols's whereabouts the entire day of April 22, 1987, the day of the burglary. Nichols's ineffective assistance claim, however, would fail if Nichols would have been convicted even had his sister testified. See Strickland v. Washington, 466 U.S. 668, 692 (1984) (any deficiencies in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance of counsel).
 
 
 6
 The Gutierrez's Pinole home was burglarized between 7 a.m. and 8 p.m. on April 22, 1987. It is undisputed that Nichols previously had been on the premises legitimately, as a guest of Brenda Rogers, on a number of occasions. Rogers met Nichols around Christmas of 1986. Nichols often visited Rogers, who lived in the in-law apartment of the Gutierrez's home with the Gutierrez's son, Jessie. Rogers moved out of the in-law apartment in January of 1987 when she moved in with Nichols in San Pablo. After Rogers moved out, Jessie never again saw Rogers or Nichols at his parents home.
 
 
 7
 In order to gain entry to the house, the burglar removed a screen and a window pane from the back door. Five fingerprints found at the scene matched Nichols, including prints on the pane of glass removed by the burglar. A police officer testified that Nichols's prints were found on the outside of the pane, adjacent to the screen. Mr. Gutierrez testified that the screen had not been removed in ten years. Rogers testified that she often worked in the carport area at the back of the house with the back door of the house open and Nichols often leaned against the open door talking and smoking cigarettes.
 
 
 8
 For purposes of this disposition, we accept Nichols's argument that because the glass panes of the back door were louvered, a person on the inside of the door could leave prints on either side of the pane. However, even if Nichols could have touched either side of the pane of glass between December 1986 and January 1987, Nichols has not contradicted testimony at trial that Jessie cleaned the louvered door in February 1987. Consequently, we agree with the district court that even if counsel had called Nichols's sister to testify, Nichols still would have been convicted. Accordingly, we reject Nichols's ineffective assistance claim for lack of prejudice. See id.
 
 AFFIRMED.[1]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We deny Nichols's motion to stay the appeal pending exhaustion of his insufficiency of the evidence claim for the claim is already exhausted